Nick Casper (State Bar No. 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:  (925) 947-1147
Facsimile:    (925) 947-1131

Attorneys for Plaintiff
ANTHONY PEEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEEL,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF GREG MUNKS, in his individual capacity; and DOES 1 through 30,<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>**(Violation of Civil Rights)**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. This is an action for money damages brought by ANTHONY PEEL ("Plaintiff") pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments to the United States, and the common law of the State of California, against the COUNTY OF SAN MATEO, SAN MATEO COUNTY SHERIFF GREG MUNKS ("SHERIFF MUNKS"), and DOES 1 through 30. The actions and failures to act which this Complaint alleges were committed by San Mateo County Sheriff's Office deputies ("Sheriff's deputies") acting under color of law and other Maguire Correctional Facility personnel, all within the course and scope of their employment with the COUNTY OF SAN MATEO.

**JURISDICTION AND VENUE**

2. The Complaint seeks remedies pursuant to Title 42, United States Code §§ 1983 and 1988. Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331

---

*Peel v. County of San Mateo, et al.*                                                                                                              Page 1
COMPLAINT

1  and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to
2  28 U.S.C. § 1367(a).

3        3.  The actions giving rise to Defendants' liability as alleged in this Complaint
4  occurred in the City of Redwood City in the County of San Mateo, State of California.  Venue is
5  therefore proper in this District Court pursuant to 28 U.S.C. § 1391(b) and Local Rules 3-2(c),
6  (d).

**JURY TRIAL DEMAND**

8        4.  Plaintiff hereby demands a jury trial in this action.

**IDENTIFICATION OF PARTIES**

10        5.  At all times material to this Complaint, Plaintiff was a resident of East Palo Alto,
11  California, in the County of San Mateo, and was of full age.

12        6.  At all times material to this Complaint, Defendant COUNTY OF SAN MATEO was
13  a public entity, duly organized and existing under the laws of the State of California, and is a
14  "person" under 42 U.S.C. § 1983.  Defendant COUNTY OF SAN MATEO includes the San
15  Mateo County Sheriff's Office and the Maguire Correctional Facility in Redwood City, the jail
16  for COUNTY OF SAN MATEO.

17        7.  At all times material to this Complaint, the San Mateo County Sheriff's Office
18  ("Sheriff's Office") was supervised, controlled and staffed by Defendant COUNTY OF SAN
19  MATEO, its deputies, agents and employees.

20        8.  At all times material to this Complaint, the Maguire Correctional Facility was
21  staffed with individuals employed by COUNTY OF SAN MATEO, including Sheriff's deputies
22  and other COUNTY OF SAN MATEO employees.

23        9.  At all times material to this Complaint, SHERIFF MUNKS and the heretofore-
24  unknown involved Sheriff's deputies and other Maguire Correctional Facility personnel acted
25  within the course and scope of their employment with COUNTY OF SAN MATEO, which
26  caused the harm of which PLAINTIFF complains.

27        10.  At the time of the alleged constitutional and state tort violations suffered by
28  Plaintiff, SHERIFF MUNKS was the chief policymaker for the COUNTY OF SAN MATEO

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*      Page 2
COMPLAINT

responsible for hiring, training, and supervising Sheriff's deputies and Maguire Correctional Facility employees, and making policies governing the use of force by Sheriff's deputies and for the rendering of necessary medical aid to individuals detained in the Maguire Correctional Facility. Defendant SHERIFF MUNKS was the moving force behind the alleged unconstitutional actions of heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel which Plaintiff alleges in this Complaint. At all times relevant, SHERIFF MUNKS was acting under color of law and within the course and scope of his employment with COUNTY OF SAN MATEO. He is sued in his individual capacity.

11. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 30, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each DOE Defendant is responsible in some manner for the injuries and damages suffered by Plaintiff as described in this Complaint. Plaintiff will amend his Complaint to state the true names and capacities of Defendant DOES 1 through 30 when they have been ascertained. Any reference in this Complaint to "Defendant," "Defendants," or to an individually named Defendant, also refers to Defendant DOES 1 through 30. These Defendants are sued in their official and individual capacities.

12. Each Defendant sued in this Complaint acted as the agent or employee of every other Defendant.

**FACTS GIVING RISE TO THE COMPLAINT**

13. At all times relevant to the allegations contained in this Complaint, Plaintiff resided in East Palo Alto and was a phlebotomist at Stanford Medical School in Palo Alto.

14. On the night of September 21, 2014, Plaintiff was arrested for driving under the influence in Redwood City by Sheriff's deputies.

15. Plaintiff was transported to the Maguire Correctional Facility in Redwood City to be processed, or "booked."

16. During the booking process, between 4-6 Sheriff's deputies approached Plaintiff from behind and from the sides and slammed Plaintiff to the ground, causing Plaintiff to strike his face against the floor.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Peel v. County of San Mateo, et al.* Page 3
COMPLAINT

17. The Sheriff's deputies sat on Plaintiff's legs, back and torso, while one Sheriff's deputy standing to his left kicked Plaintiff in the face and ribs.

18. While Plaintiff was restrained and beaten on the floor, the Sheriff's deputies removed Plaintiff's shoes and pants.

19. One of the Sheriff's deputies forced Plaintiff's right arm behind his back well beyond its natural range of motion, causing fractures in Plaintiff's wrist and thumb, and injuries to his elbow.  Sheriff's deputies then placed Plaintiff in a cell without pants and shoes until the following morning.

20. Sheriff's deputies and other Maguire Correctional Facility personnel denied Plaintiff necessary medical treatment despite Claimant's numerous requests to be taken to a hospital to address his obvious injuries.

21. Plaintiff's requests for necessary medical assistance were made to Sheriff's deputies, to a Maguire Correctional Facility nurse who attended to a cut above Plaintiff's eye, and another Maguire Correctional Facility nurse who looked at his swollen hand and arm.

22. At one point during the evening, one of the Sheriff's deputies involved in the assault and battery came into Plaintiff's cell to inform him that he would not be going to the hospital.

23. Plaintiff was eventually released around midday the following day, September 22, 2014.

24. Plaintiff went to the Stanford Hospital Emergency Department on September 22, 2014, where emergency physicians treated him for a right scaphoid (wrist) fracture and injuries to his right elbow.

**DAMAGES**

25. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff suffered violations of his rights protected by, among other enactments, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; by Article 1, § 13 of the California Constitution; and by California Civil Code §§ 52 and 52.1.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4
COMPLAINT

26. Plaintiff suffered physical injuries, past and future medical expenses, past and future wage loss, and severe emotional distress.

27. Through the acts and omissions of Defendants acting within the course and scope of their employment with COUNTY OF SAN MATEO, Plaintiff also suffered the violation of his constitutional rights and the loss of his sense of security, dignity, and pride as a citizen and resident of the United States of America.

28. Defendant DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, including, but not limited to, those who used excessive force that resulted in Plaintiff's grievous injuries and those who failed to provide necessary medical aid, acted with malice and oppression.  These Defendants' conduct was intended to harm Plaintiff, or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to recover exemplary damages from those Defendants.

29. Plaintiff has retained attorneys and investigators to pursue his rights as asserted in this Complaint.  Plaintiff is entitled to an award of reasonable attorneys' fees incurred in the prosecution of this action against Defendants pursuant to 42 U.S.C. § 1988.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force**
**(Against DOES 1 through 30)**

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as though fully set forth in this claim for relief.

31. The actions of Defendant DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, acted under color of law in violating Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.  These actions included the unreasonable and excessive use of force against Plaintiff, causing Plaintiff serious injuries. As a direct and proximate result of Defendants' actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment to the United States Constitution.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*
COMPLAINT
Page 5

32. Defendant DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, who participated in, or were otherwise responsible for, the force inflicted upon Plaintiff, acted with malice and oppression. These Defendants' conduct was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety. Plaintiff therefore is entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiff seeks relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Supervisory**
**(Against SHERIFF MUNKS**
**and DOES 1 through 30)**

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 as though fully set forth in this claim for relief.

34. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant SHERIFF MUNKS and Does 1 through 30 who had supervisory authority over the Sheriff's deputies and other Maguire Correctional Facility personnel who used excessive force against Plaintiff and/or failed to render necessary medical aid during Plaintiff's incarceration at the Maguire Correctional Facility.

35. Plaintiff is informed and believes, and on that basis alleges, that SHERIFF MUNKS in his individual capacity and DOES 1 through 30 participated in the violation of Plaintiff's rights by failing to provide adequate training, supervision, discipline, and control of Sheriff's deputies and other Maguire Correctional Facility personnel. Plaintiff is further informed and believes, and on that basis alleges, that SHERIFF MUNKS in his individual capacity and DOES 1 through 30 participated in the violation of Plaintiff's rights by ratifying the conduct of the actions of Defendant Does 1 through 30, including the heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel as described in this Complaint, thereby acquiescing in the deprivation of Plaintiff's rights.

36. At all times relevant to this Complaint, it was obvious that SHERIFF MUNKS and DOES 1 through 30 must properly train, supervise, discipline, and control Sheriff's deputies

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

and other Maguire Correctional Facility personnel to refrain from violating the constitutional rights of inmates, and that such training must include, in part, the requirements not to use unreasonable, unjustified, and/or excessive force, and to provide necessary medical aid to inmates.

37. At all times relevant to this Complaint, it was obvious that the failure to provide such training, supervision, discipline, and control, as set forth above, would result in violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

38. At all times relevant to this Complaint, it was obvious that the failure to provide such training, supervision, discipline, and control reflected a deliberate indifference to the protection of the rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution

39. The failure by SHERIFF MUNKS and DOES 1 through 30, acting through their policymakers and agents, to properly train, supervise, discipline, and control Sheriff's deputies and other Maguire Correctional Facility personnel to refrain from committing violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution proximately caused the alleged unconstitutional actions of Sheriff's deputies and other Maguire Correctional Facility personnel which Plaintiff alleges in this Complaint.

40. As a direct and proximate result of the policies, practices, acts and omissions of defendants SHERIFF MUNKS and DOES 1 through 30, Plaintiff sustained harm and the special and general damages which Plaintiff will establish at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Monell**
**(Against COUNTY OF SAN MATEO**
**and DOES 1 through 30)**

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth in this claim for relief.

42. At all times relevant to this Complaint, it was the policy, practice and custom of COUNTY OF SAN MATEO and DOES 1 through 30, acting through its policymakers and agents, to violate the Fourth, Eighth, and Fourteenth Amendments to the Constitution as

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*
COMPLAINT
Page 7

described in this Complaint. Those violations which constituted the policy of COUNTY OF SAN MATEO and DOES 1 through 30 included, but were not limited to, the use of unreasonable, unjustified, and/or excessive force; and the failure to provide necessary medical aid to inmates at the Maguire Correctional Facility. The failure of COUNTY OF SAN MATEO and DOES 1 through 30, and to those it delegated to make and enforce COUNTY OF SAN MATEO policy, to discipline Sheriff's deputies and other Maguire Correctional Facility personnel, and any other responsible COUNTY OF SAN MATEO employees, who violated Plaintiff's Fourth, Eighth, and Fourteenth Amendments rights ratified that unconstitutional conduct and further confirmed that the violation of Plaintiff's rights represented COUNTY OF SAN MATEO policy.

43. The policies, practices and customs of COUNTY OF SAN MATEO and DOES 1 through 30 were the moving forces behind the violation of Plaintiff's rights protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

44. At all times relevant to this Complaint, the policies, practices and customs developed and maintained by COUNTY OF SAN MATEO and DOES 1 through 30 reflected a deliberate indifference to the protection of the rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff seeks relief as set forth below.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Deliberate Indifference to Medical Needs**
**(Against DOES 1 through 30)**

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as though fully set forth in this claim for relief.

46. Defendant DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, acted under color of law with deliberate indifference to Plaintiff's medical needs, depriving him of adequate care for his serious injuries while Plaintiff was incarcerated in the Maguire Correctional Facility, thereby violating his rights under the Fourth, Eighth and Fourteenth Amendments. These constitutional violations directly and proximately caused additional injuries and suffering to Plaintiff, as herein alleged, entitling

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1  Plaintiff to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

2  47.     As a proximate result of the conduct of Defendants, Plaintiff suffered physical pain and emotional distress and incurred general damages for the deprivation of his constitutional rights.

48.     Defendant DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, who participated in, or were otherwise responsible for, the failure to render necessary medical aid while Plaintiff was incarcerated in the Maguire Correctional Facility acted with malice and oppression.  These Defendants' conduct was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety.  Plaintiff therefore is entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiff seeks relief as set forth below.

### FIFTH CLAIM FOR RELIEF
### Assault
### (Against DOES 1 through 30)

49.   Plaintiff realleges and incorporates by reference paragraphs 1 through 48 of this Complaint as though fully set forth in this claim for relief.

50.  On March 9, 2015, COUNTY OF SAN MATEO received the government claim Plaintiff timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq.  COUNTY OF SAN MATEO denied the claim by letter on April 14, 2015.

51.  The individual COUNTY OF SAN MATEO employees committed their alleged actions in the course and scope of their employment.  The employees are liable pursuant to California Government Code § 820.1(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person.  COUNTY OF SAN MATEO is liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Peel v. County of San Mateo, et al.*
COMPLAINT

Page 9

52. On September 21, 2014, Defendants DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, and each of them, intended to harm or come into offensive contact with Plaintiff.

53. Plaintiff reasonably apprehended that Defendants were about to touch him in a harmful or offensive manner.

54. Defendants also threatened to touch Plaintiff in a harmful or offensive manner and Plaintiff reasonably apprehended that each Defendant was about to carry out that threat.

55. Plaintiff did not consent to the conduct of any of the Defendants and were harmed thereby.

56. Each Defendant's conduct was a substantial factor in causing the alleged harm.

WHEREFORE, Plaintiff seeks relief as set forth below.

### SIXTH CLAIM FOR RELIEF
### Battery
### (Against DOES 1 through 30)

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth in this claim for relief.

58. On September 21, 2014, Defendants DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, and each of them, touched Plaintiff, or caused Plaintiff to be touched with the intent of harming or offending Plaintiff.

59. Plaintiff did not consent to the conduct of any of the Defendants.

60. Plaintiff was harmed by Defendants' conduct.

61. A reasonable person in Plaintiff's situation would have been offended by the conduct of Defendants.

62. Each Defendant's conduct was a substantial factor in causing the alleged harm.

WHEREFORE, Plaintiff seeks relief as set forth below.

\ \ \

\ \ \

### SEVENTH CLAIM FOR RELIEF

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*　　Page 10
COMPLAINT

**Intentional Infliction of Emotional Distress**
**(Against DOES 1 through 30)**

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 62 of this Complaint as though fully set forth in this claim for relief.

64. On September 21 and 22, 2014, Defendants DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, and each of them, either engaged in outrageous conduct intended to cause Plaintiff emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress

65. Plaintiff suffered severe emotional distress.

66. Each Defendant's conduct was a substantial factor in causing the alleged severe emotional distress.

WHEREFORE, Plaintiff seeks relief as set forth below.

**EIGHTH CLAIM FOR RELIEF**
**Negligence**
**(Against DOES 1 through 30)**

67. Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of this Complaint as though fully set forth in this claim for relief.

68. On September 21 and 22, 2014, Defendants DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, and each of them, were negligent in doing the acts alleged in this Complaint.

69. Plaintiff was injured as a result of that negligence.

70. As a proximate result of that negligence, Plaintiff suffered damages, physical injuries, and severe emotional distress.

71. Each Defendant's conduct was a substantial factor in causing the alleged damages including severe emotional distress.

WHEREFORE, Plaintiff seeks relief as set forth below.

/ / /

**NINTH CLAIM FOR RELIEF**
**CALIFORNIA CIVIL CODE §§ 52, 52.1**

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Peel v. County of San Mateo, et al.*  Page 11
COMPLAINT

**(Against All Defendants)**

72. Plaintiff realleges and incorporates by reference paragraphs 1 through 71 of this Complaint as though fully set forth in this claim for relief.

73. On September 21, 2014, Defendants, and each of them, using threats, coercion and intimidation, interfered with and threatened to interfere with Plaintiff's rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and Art. 1, § 13 of the California Constitution

74. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

75. The actions of Defendant DOES 1 through 30, including heretofore-unknown Sheriff's deputies and other Maguire Correctional Facility personnel, acted with malice and oppression.  These Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is entitled to such statutory damages and attorney's fees allowed by California Civil Code §§ 52, and 52.1(b).

WHEREFORE, Plaintiff prays for relief as follows:

1. For special damages, according to proof;
2. For general damages, according to proof;
3. For punitive damages against all individually-named Defendants;
4. For statutory damages pursuant to California Civil Code §§ 52 and 52.1;
5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on Plaintiff's First, Second, Third and Fourth Claims for Relief;
6. For reasonable attorney's fees pursuant to California Civil Code §§ 52 and 52.1 on Plaintiff's Ninth Claim for Relief;
7. For prejudgment interest pursuant to Civil Code § 3288, or as otherwise permitted by law;

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*
COMPLAINT
Page 12

8. For costs of suit incurred herein; and

9. For such other and further relief as the court may deem just and proper.


Dated: October 9, 2015                              /s/ - "Nick Casper"
                                                    Nick Casper
                                                    **CASPER, MEADOWS, SCHWARTZ & COOK**
                                                    Attorneys for Plaintiff ANTHONY PEEL

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Peel v. County of San Mateo, et al.*
COMPLAINT

Page 13