UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-04694-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: ECF No. 10 |

　　　　Before the Court is Defendants County of San Mateo's and San Mateo County Sheriff Greg Munks's Motion to Dismiss. For the reasons stated below, the motion is granted without prejudice as to Plaintiff's section 1983 claims against the County and Sheriff Munks, and denied as to all other claims.

I.　　BACKGROUND

　　A.　　**Factual and Procedural History**

　　　　Plaintiff brings claims under 42 U.S.C. § 1983 and state law based on allegations that multiple police officers injured Plaintiff and denied him medical care during the process of booking him. For the purposes of deciding these motions, the Court accepts as true the following factual allegations from Plaintiff's Complaint. ECF No. 1 ("Compl.").

　　　　Plaintiff, a resident of East Palo Alto, was arrested on the night of September 21, 2014 in Redwood City for driving under the influence. Compl. at ¶ 14. He was taken to the Maguire Correction Facility to be processed, or "booked." Id. at ¶ 15. During the booking process, he alleges that "between 4-6 Sheriff's deputies approached Plaintiff from behind and from the sides and slammed Plaintiff to the ground, causing Plaintiff to strike his face against the floor." Id. at ¶ 16. The deputies "sat on Plaintiff's legs, back, and torso, while one Sheriff's deputy standing to his left kicked Plaintiff in the face and ribs." Id. at ¶ 17. One of the deputies removed his shoes

and pants. Id. at ¶ 18. One of the deputies also forced Plaintiff's right arm behind his back, "causing fractures in Plaintiff's wrist and thumb, and injuries to his elbow." Id. at ¶ 19. The deputies then placed Plaintiff in his cell without pants and shoes until morning. Id.

Plaintiff also alleges that he made "requests for necessary medical assistance" to "Sheriff's deputies, to a Maguire Correctional Facility nurse who attended to a cut above Plaintiff's eye, and another Maguire Correctional Facility nurse who looked at his swollen hand and arm." Id. at ¶ 21. However, one of the deputies "came into Plaintiff's cell to inform him that he would not be going to the hospital." Id. at ¶ 22. Plaintiff was released the following day and was treated in the ER for "a right scaphoid (wrist) fracture and injuries to his right elbow." Id. at ¶ 24. Based on these events, Plaintiff alleges he "suffered physical injuries, past and future medical expenses, past and future wage loss, and severe emotional distress." Id. at ¶ 26.

The defendants in this case are the County of San Mateo ("County"), San Mateo County Sheriff Greg Munks ("Sheriff Munks"), and Does 1 through 30, representing unnamed deputy officers and other Maguire Correctional Facility personnel. Id. at ¶ 1. Plaintiff brings nine claims of action: (1) Excessive Force against Does 1 through 30 under 42 U.S.C. § 1983; (2) a claim against Sheriff Munks and Does 1 through 30 for failure to supervise under 42 U.S.C. § 1983; (3) a Monell claim against the County and Does 1 through 30 under 42 U.S.C. § 1983; (4) Deliberate Indifference to Medical Needs against Does 1 through 30 under 42 U.S.C. § 1983; (5) Assault against the County and Does 1 through 30 under California Government Code §§ 820(a)[1] and 815.2[2]; (6) Battery against Does 1 through 30; (7) Intentional Infliction of Emotional Distress against Does 1 through 30; (8) Negligence against Does 1 through 30; and (9) a claim of interference with Constitutional rights through "threats, coercion, and intimidation" under California Civil Code §§ 52 and 52.1(b) against all Defendants. Id. at ¶¶ 30-72.

---

[1] The Complaint incorrectly cites this section as California Government Code § 820.1(a), but correctly quotes the language from section 820(a).
[2] Through the header for the Assault Claim states it is only brought against Does 1 through 30 and not the County, the Complaint alleges that the public employees are liable through California Government Code § 820(a), and that the County is liable under California Government Code § 815.2, which holds a public entity liable for the act of a public employee within the scope of his or her employment if that act gives rise to liability against the employee. Compl. at ¶ 51.

The County and Sheriff Munks filed their Motion to Dismiss on November 13, 2015, contending that all claims brought against them should be dismissed. ECF No. 10 ("Motion"). Plaintiff filed his response on November 27, 2015, ECF No. 11 ("Response"), and Defendants replied on December 3, 2015, ECF No. 13 ("Reply"). The Court heard argument on the motion on January 21, 2016.

### B. Jurisdiction

Plaintiff asserts, and Defendants do not challenge, that this Court possesses jurisdiction over this case because the complaint brings claims under the federal law contained in 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over the remainder of Plaintiff's claims pursuant to 28 U.S.C. § 1367(a).

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. DISCUSSION

Defendants do not dispute that the allegations in the complaint plausibly claim that Plaintiff's constitutional rights were violated generally. Instead, they argue that Plaintiff has failed to allege facts that indicate either the County or Sheriff Munks caused those violations and are therefore liable for them.

### A. Monell

Defendants contend that Plaintiff's section 1983 claims against the County should be

1  dismissed because Plaintiff fails to plausibly allege that an official policy, pattern, or practice
2  caused the deprivations of his constitutional rights. Motion at 8. Under Monell v. Dep't of Soc.
3  Servs. of the City of New York, 436 U.S. 658, 694 (1978), a government entity may not be held
4  liable under 42 U.S.C. § 1983 unless a "policy or custom" of the entity can be shown to be a
5  moving force behind the alleged constitutional violation. "In order to establish liability for
6  governmental entities under Monell, a plaintiff must prove '(1) that [the plaintiff] possessed a
7  constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that
8  this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the
9  policy is the moving force behind the constitutional violation.'" Dougherty v. City of Covina, 654
10 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d
11 432, 438 (9th Cir.1997)).

12       Failure to train government employees may constitute a sufficient policy under Monell if
13 the failure constitutes "deliberate indifference," or "reflects a 'deliberate' or 'conscious' choice"
14 by the government entity. City of Canton v. Harris, 389 U.S. 378, 390 (1989). A failure to
15 supervise that is "sufficiently inadequate" may amount to "deliberate indifference." Davis v. City
16 of Ellensberg, 869 F.2d 1230, 1235 (9th Cir. 1989). Mere negligence in training or supervision
17 does not give rise to a Monell claim; rather, the need to train must be "obvious." Dougherty v.
18 City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).

19       "A pattern of similar constitutional violations by untrained employees is 'ordinarily
20 necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v.
21 Thompson, 563 U.S. 51, 62 (2011) (quoting Bryan Cty. v. Brown, 520 U.S. 397, 409 (1997)).
22 However, the Supreme Court has noted that "in a narrow range of circumstances," a single
23 instance of a constitutional violation may be sufficient to demonstrate deliberate indifference
24 without a pattern of similar violations. Id. at 63. In City of Canton, the Supreme Court offered, as
25 an example, the hypothetical failure of a city to train officers in the constitutional limitations on
26 the use of deadly force. City of Canton, 389 U.S. at 390 n.10. "City policymakers know to a
27 moral certainty that their police officers will be requires to arrest fleeing felons," and the city "has
28 armed its officers with firearms, in part to allow them to accomplish this task." Id. Thus, a failure

4

1    to train officers on the limitations of the use of deadly force "can be said to be 'so obvious' that
2    failure to do so could properly be characterized as 'deliberate indifference' to constitutional
3    rights," even without evidence of a pattern of multiple violations.  Id.; see also Connick, 563 U.S.
4    at 64 ("The Court [in City of Canton] sought not to foreclose the possibility, however rare, that the
5    unconstitutional consequences of failing to train could be so patently obvious that a city could be
6    liable under § 1983 without proof of a pre-existing pattern of violations.").

7         In this case, Plaintiff has not alleged any constitutional violations other than the one he
8    suffered that would indicate some kind of pattern of officer conduct.  Instead, he merely alleges
9    that "it was the policy, practice and custom" of the County, "acting through its policymakers and
10   agents, to violate the Fourth, Eighth, and Fourteenth Amendments to the Constitution as described
11   in this Complaint."  Compl. at ¶ 42.  This is insufficient to support a claim under Monell.  See
12   Sternberg v. Town of Danville, No. 15-cv-01878-SI, 2015 WL 9024340 at *5 (N.D. Cal. Dec. 16,
13   2015) (simply alleging "the existence of . . . a pattern or practice" only "recites the elements of a
14   Monell claim and is plainly insufficient.").

15        Plaintiff argues in his response that the Court can infer the existence of a policy from the
16   nature of the violations, such as the number of deputies "acting in concert" to injure him.
17   Response at 5.  Under City of Canton and Connick, however, these allegations alone are not
18   enough.  Plaintiff does not, for example, offer any allegations as to why the claimed violations of
19   his constitutional rights were "patently obvious" to the County as consequences of their failure to
20   train, or why their failure to train amounted to "deliberate indifference."  Plaintiff cites to
21   Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 523 (9th Cir. 1999) as support, but that case is
22   inapposite.  In Ruvalcaba, the alleged constitutional violations included excessive force during an
23   arrest, used by a police officer to defend a police dog.  Id. at 518-519.  The issue in that case was
24   not whether a policy existed, but rather whether the police officer's conduct in defending the dog
25   could be attributed to the city's well-established dog bite policy.  Id. at 523.  Here, by contrast,
26   Plaintiff's complaint fails to plausibly allege the existence of any policy by the County that would
27   render it liable under Monell.

28        Accordingly, Plaintiff's section 1983 claims against the County are dismissed.  Because

1 Plaintiff may be able to provide additional facts showing that the constitutional violations resulted
2 from a County policy of deliberate indifference, these claims are dismissed without prejudice.

### B.      Failure to Supervise or Train

Much like liability for the County, Sheriff Munks is liable as a supervisor only if his failure to train them amounted to deliberate indifference. Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (citing City of Canton, 489 U.S. at 388). "To prevail on such a claim, the plaintiff must prove that: (1) the supervisor's training was inadequate; (2) the inadequate training was a conscious choice on the part of the supervisor that amounted to deliberate indifference; and (3) the inadequacy of the training caused a constitutional violation." Guinn v. Sturm, No. 1:10-cv-00320 LJO SKO, 2011 WL 5508928 at *5 (E.D. Cal. Nov. 9, 2011) (citing Canell, 143 F.3d at 1214).

As with his claims against the County, Plaintiff's allegations do not plausibly link his constitutional claims to Sheriff Munks. He alleges merely that Sheriff Munks "participated in the violation of Plaintiff's rights by failing to provide adequate training, supervision, discipline, and control of Sheriff's deputies and other Maguire Correctional Facility personnel." Compl. at ¶ 35. Reciting the elements of a section 1983 claim against Sheriff Munks, however, does not sufficiently plead a claim. Though Plaintiff again argues that Sheriff Munks's deliberate indifference can be inferred from the nature of the alleged violations, the Court rejects this suggestion for the same reasons as explained above.

Accordingly, Plaintiff's section 1983 claims against Sheriff Munks are dismissed. Because Plaintiff may be able to provide additional facts showing that the constitutional violations resulted from Sheriff Munks's deliberate indifference in failure to train, these claims are dismissed without prejudice.

### C.      County Liability for State Law Claims

Against the County, Peel brings claims under state law for assault pursuant to California Government Code § 820(a), and interference with constitutional rights under California Civil Code § 52.1, also known as the Bane Act. As an initial matter, while the Bane Act claim is also brought against Sheriff Munks, Plaintiff acknowledges in his response that Sheriff Munks is not liable. Response at 9.

1    Peel alleges in his complaint, and also argues in his Response, that employees of the
2    County "are liable pursuant to California Government Code § 820(a), which renders a public
3    employee liable for injury caused by his or her act or omission to the same extent as a private
4    person."  Compl. at ¶ 51; see also Response at 6.  He then alleges that the County is liable
5    pursuant to California Government Code § 815.2(a).  See id.  That section states that "a public
6    entity is liable for injury proximately caused by an act or omission of an employee of the public
7    entity within the scope of his employment if the act or omission would, apart from this section,
8    have given rise to a cause of action against that employee or his personal representative."  Cal.
9    Gov. Code § 815.2(a).  This section allows for vicarious liability of the County for underlying
10   conduct by its employees.  See Lopez v. Cty. of Los Angeles, No. CV 15-01745 MMM, 2015 WL
11   3913263 at *10 (C.D. Cal. June 25, 2015); Estate of Swindell v. Cty. of Sonoma, No. 15-CV-897-
12   SC, 2015 WL 6177743 at *7 (N.D. Cal. Oct. 21, 2015).

13   Defendants do not challenge these contentions in either their motion or reply.  At the
14   motion hearing, Defendants suggested without citation to authority that Plaintiffs cannot maintain
15   their action based on respondeat superior without naming any of the individual officers whose
16   alleged misconduct is imputed to the named Defendants.  A review of the district court dockets in
17   the Circuit, however, shows that plaintiffs frequently similar cases against Doe defendants.  See,
18   e.g., Lopez, 2015 WL 3913263 at *10; Austin v. Cty. of Alameda, No. C-15-0942 EMC; 2015
19   WL 3833239 at *8 (N.D. Cal. June 19, 2015); Gillian v. CDCR, No. 1:15-cv-00037-MJS, 2015
20   WL 1916417 at *2 (E.D. Cal. April 27, 2015).  In light of Plaintiff's allegations that County
21   employees used excessive force and withheld medical services from him, the Court concludes that
22   he has plausibly alleged the County's liability under California Government Code §§ 815.2(a) and
23   820(a).

24   The Court therefore turns to Peel's claims under California Civil Code § 52.1.  Sections
25   52.1(a) and (b) allow an individual to bring a civil action against any person who, "whether or not
26   acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by
27   threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals
28   of rights secured by the Constitution or laws of the United States, or of the rights secured by the

Constitution or the laws of this state." The California Supreme Court has explained that although the Bane Act was passed "to stem a tide of hate crimes," section 52.1 is not limited to such crimes and does not require plaintiffs to prove a discriminatory purpose. Venegas v. County of Los Angeles, 32 Cal. 4th 820, 843 (2004). Plaintiffs must, however, show that the alleged constitutional violations "were accompanied by the requisite threats, intimidation, or coercion." Id.

Here, Peel's claims under section 52.1 rely on the conduct of the deputies in booking him and denying his requests for medical care. Defendants offer two arguments in response. As explained below, neither argument is persuasive.

First, Defendants argue that Plaintiff has not pled a violation that could serve as a predicate for a Bane Act claim. Motion at 10. The Court has indeed dismissed Plaintiff's constitutional claims against the County and Sheriff Munks under § 1983. But as noted above, California law, unlike section 1983 law under Monell, allows for vicarious liability. See Cal. Gov. Code § 815.2(a); Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc) (holding a county defendant may be liable for excessive force claims brought against police officers). Thus, both the County and Sheriff Munks could be held liable for federal constitutional violations committed by employees under their control. Defendants do not challenge this reasoning.

Second, Defendants contend that Plaintiff's complaint contains "no allegation whatsoever of what act constituted the 'threat, coercion, or intimidation' other than conclusory allegations." Motion at 10. This argument is based on a cramped reading of the complaint: while Plaintiff does not explicitly state that the allegations of excessive force also constitute his claims of interference by threats, intimidation, or coercion, it is obvious that these allegations form the core of his suit against Defendants. Use of excessive force can support a claim under section 52.1. See Medora v. City & County of San Francisco, No. C 06-0558 EDL, 2007 WL 2522319 at *10 (N.D. Cal. Aug. 31, 2007). Indeed, even police conduct without allegations of excessive physical force can ground liability under the Bane Act. See Cole v. Doe, 387 F. Supp. 2d 1084 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by 'threat[], intimidation, or coercion' if the officer lacks

probable cause."); Venegas v. County of Los Angeles, 32 Cal. 4th 820, 843 (2004).  Therefore, Plaintiff pleads a plausible claim that officers used threats, intimidation, or coercion by using excessive force against him during his booking process.

Accordingly, Defendant's motion to dismiss Plaintiff's Bane Act claim against Sheriff Munks is granted with prejudice.  As to all other state claims, the motion is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted without prejudice as to Plaintiff's § 1983 claims against the County and Sheriff Munks, granted with prejudice as to Plaintiff's Bane Act claim against Sheriff Munks, and denied as to all other claims.

Plaintiff may file an amended complaint within 21 days of this order that addresses the deficiencies identified herein.  If he does not file an amended complaint, the Court will assume that Plaintiff is proceeding only on the claims as to which Defendants' motion to dismiss was denied.

**IT IS SO ORDERED.**

Dated:  February 8, 2016

_____
JON S. TIGAR
United States District Judge